### Katherine B. Wade *vs.* Everett Yeo, *Ex.*

MAY 14, 1940.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of assumpsit against the executor of the will of Anna R. Downey, late of the town of East Providence, deceased, to recover upon a claim filed against her estate and duly disallowed. This claim was for the sum of $640 for services rendered to the deceased by the plaintiff as nurse.

A jury trial in the superior court resulted in a verdict for the plaintiff for the full amount of the claim. A motion was duly filed by. the defendant for a new trial, based on the ground that the verdict was against the evidence and the weight thereof; that it was against the law; and that the damages awarded were excessive.

The trial justice in his decision sustained the last of these grounds and granted the motion, unless the plaintiff would, within ten days, remit all of the verdict in excess of $27.15. The plaintiff did not comply with this condition; but duly

filed an exception to the decision. The case is now before us upon the plaintiff's bill of exceptions, in which only this exception is set forth.

The following facts were established by undisputed evidence introduced at the trial. On November 30, 1935, being in poor health, Mrs. Downey, the decedent, entered for treatment and special care a sanitarium of which a Miss Shanley was the superintendent. There two practical nurses, of whom the plaintiff was the night nurse, were employed to take care of Mrs. Downey at a weekly salary of $35 each, no term of employment being named; and they took care of her at the sanitarium from that time until her death on August 19, 1936. On December 21, 1935, she paid the plaintiff, by check, $75 for the period from November 30 to December 14 inclusive, covering two weeks and one day at the above weekly rate.

On January 8, 1936, the probate court of East Providence appointed a guardian of the estate of Mrs. Downey and he promptly qualified and entered upon the performance of his duties as such guardian. By check of January 18, 1936, he paid the plaintiff $30 for her services from January 7 to January 15. Later, by check of January 22, 1936, he paid her $30 more for her services from January 15 to 22. By check of March 14, 1936, he paid her $93.58 for her services during the interval from December 14, 1935, to January 7, 1936.

Soon after the guardian's appointment and qualification he examined into the affairs of Mrs. Downey and concluded that, with the limited amount of cash available to cover her necessary expenses, some economies must be effected. He found another private hospital which he thought would be satisfactory for her and which would cost only $90 a week for care and accommodations similar to what she was receiving at Miss Shanley's sanitarium, including the services of two practical nurses.

He therefore took the matter up with Miss Shanley on January 22 and explained to her the situation. On that day he made arrangements with her that Mrs. Downey should stay where she was at a cost of $90 per week for her care and maintenance, including the attendance of two practical nurses. On the same day Miss Shanley had a conference with the plaintiff and the other nurse above mentioned and explained the situation to them; and she informed them that she was planning to arrange to employ, to take their places, two other nurses, each of whom would work for $15 a week.

After considering the matter, the plaintiff and the other nurse, who was also present at the conference, agreed to continue their services for Mrs. Downey, if Miss Shanley would pay each of them $15 a week in behalf of the guardian; and this was agreed to by Miss Shanley. On this same day the guardian, as above stated, paid to the plaintiff by check the sum of $30 for the week ending on that day. Thereafter, until the death of Mrs. Downey, the plaintiff received weekly from Miss Shanley a check for $15; and this amount was included in a check for $90, which Miss Shanley received weekly from the guardian and receipted for.

The plaintiff testified that she had received altogether, for all the services which she performed in caring for Mrs. Downey for a total of thirty-seven weeks, the sum of $655; that she was entitled to receive payment for this whole period at the rate of $35 per week, which would have made a total of $1295; and that therefore she was entitled to receive an unpaid balance of $640, the amount named in her claim filed against the estate of Mrs. Downey in the probate court.

The plaintiff's counsel contended in the superior court and contended before us that, during all the period while she was taking care of Mrs. Downey, she was doing so under

her original contract with Mrs. Downey, by which she was to receive $35 per week; and that the arrangement made, by which she received for a long period only $15 per week from the guardian, through Miss Shanley, was only for payments to be made by the guardian *on account*, leaving unpaid and still payable by Mrs. Downey at the time of her death $20 per week for that period under the original contract.

Counsel for the defendant, on the other hand, contended in the superior court and contended before us that by the arrangement made between Miss Shanley and the plaintiff on January 22, 1936, and concurred in by the guardian, a new contract was substituted for the original one; and that the plaintiff had received from the guardian all that she was entitled to receive under the new contract.

The jury evidently found its verdict according to the above contention made in behalf of the plaintiff. But we cannot find in the case any evidence in support of such contention. The trial justice, in passing upon the defendant's motion for a new trial, found, from the evidence, that the plaintiff had not been engaged by Mrs. Downey for any stated period. He also found from the evidence, especially the testimony of Miss Shanley, that the original agreement was terminated, both by conduct and by express words.

He therefore found that the plaintiff was not entitled to recover in this case anything for her services performed after January 22, 1936; and that the amount of the verdict was not just and did not truly respond to the merits of the controversy and that the most that she was entitled to recover was the difference between $35 and $30 per week during the period which was before that date and within which she received payment from the guardian at the rate of only $30 per week, the difference amounting to $27.15. Therefore, as stated above, he granted the defendant's motion for a new trial, unless the plaintiff would remit all of the verdict in excess of that amount.

We have considered his decision in the light of all the pertinent evidence in the case and especially the evidence of the plaintiff's agreement, on January 22, 1936, to continue her services in taking care of Mrs. Downey for $15 per week and of her performance of such services under that agreement and accepting, without protest, payments in accordance therewith until Mrs. Downey's death. As a result of such consideration, we are of the opinion that his decision was not clearly wrong.

Therefore, the plaintiff's exception is overruled, and the case is remitted to the superior court for a new trial, unless on or before May 22, 1940, the plaintiff shall file in the office of the clerk of the superior court a remittitur of all of the verdict in excess of $27.15. In case the plaintiff shall file such remittitur, the superior court is directed to enter judgment on the verdict as reduced by the remittitur.

*Frederick M. Langton, Lester T. Murphy,* for plaintiff.

*Matthew J. Faerber,* for defendant.